UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC DENNIS SIMMONS,<br><br>               Plaintiff,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>               Defendant. | CIVIL ACTION NO. 3:19-CV-01255<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Eric Dennis Simmons ("Plaintiff") brings this action under section 205 of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits under Title II of the Act. (Doc. 1). In his brief in support of review, Plaintiff argued, among other things, that the matter should be vacated and remanded for rehearing before a properly appointed administrative law judge (ALJ) in accordance with *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018); (Doc. 11, at 14-15).[1]

Plaintiff's administrative hearing was held on May 2, 2018 – before former Acting Commissioner of Social Security Nancy A. Berryhill ratified the appointment of all Social

---

[1] The Supreme Court's decision in *Lucia* held that S.E.C. Administrative Law Judges were "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2, and therefore should have been appointed by either the President, a court of law, or the Department head. Since the S.E.C. ALJ was not properly appointed, the Supreme Court held that to "cure the constitutional error, another ALJ . . . must hold the new hearing to which [the plaintiff] is entitled." *Lucia*, 138 S. Ct. at 2055.

Security ALJs – and the ALJ's decision denying his application was issued on July 31, 2018.[2] *See* Soc. Sec. Ruling 19-1p; Titles II & XVI: Effect of the Decision in Lucia v. Sec. & Exch. Comm'n (Sec) on Cases Pending at the Appeals Council, SSR 19-1P (S.S.A. Mar. 15, 2019), 2019 WL 1324866, at *2 (providing background about the Supreme Court's decision in *Lucia* and the Social Security Administration's response to it). The Commissioner does not dispute that ALJ Paula Garrety was not properly appointed when she heard and decided Plaintiff's case. Instead, the Commissioner argues that Plaintiff failed to exhaust his challenge under the Appointments Clause at the administrative level before raising the issue in federal court. (Doc. 13, at 2-4).

On December 19, 2019, the Commissioner moved for a stay of these proceedings pending the Third Circuit's disposition of a consolidated appeal concerning "the question whether claimants for Social Security disability benefits must exhaust Appointments Clause challenges before the very administrative law judges [] whose appointments they are challenging." *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020); (Doc. 12). While the Commissioner's motion was pending, the Third Circuit squarely addressed "the question whether claimants for Social Security disability benefits must exhaust Appointments Clause challenges before the very administrative law judges [] whose appointments they are challenging." *Cirko ex rel. Cirko*, 948 F.3d at 152. In *Cirko*, the Third

---

[2] The Commissioner does not argue that the decision, because it was issued post-ratification, cured any jurisdictional defects at the hearing stage. In any event, *Lucia* itself strongly suggests that the Court must remand this case solely because Plaintiff's hearing was held before the Acting Commissioner ratified the ALJs' appointments. *See Lucia*, 138 S. Ct. at 2044 (holding that SEC judges need to be constitutionally appointed given their responsibilities "involved in presiding over adversarial hearings," including the taking of testimony and ruling on the admissibility of evidence).

Circuit held that "[b]ecause both the characteristics of the Social Security Administration [] review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, . . . exhaustion is not required in this context . . . ." *Cirko ex rel. Cirko*, 948 F.3d at 152. On March 26, 2020, the Third Circuit denied the government's petition for rehearing *en banc*, and a final mandate was issued on April 3, 2020. *Cirko v. Berryhill*, No. 19-1772 (3d Cir.), ECF Nos. 77, 78-1; *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.), ECF Nos. 71, 72-1. In light of *Cirko*, the Court is compelled to remand Plaintiff's case for rehearing before a properly appointed ALJ.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Commissioner's decision to deny Plaintiff's application for benefits is **VACATED**.

2. The case is **REMANDED** for rehearing before a properly appointed ALJ other than the ALJ who presided over Plaintiff's first administrative hearing.

3. Final judgment is issued in favor of Plaintiff.

4. The Commissioner's motion for a stay of these proceedings (Doc. 12) is **DENIED AS MOOT**.

5. The Clerk of the Court is directed to close this case.

Dated: April 10, 2020                                                          BY THE COURT

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**